**MENG JUN WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

**No. 03–40290–ag.**

United States Court of Appeals, Second Circuit.

Nov. 28, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

Thomas V. Massucci, New York, NY, for Appellant.

Kathleen A. Mahoney, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, NY, for Appellees.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges, and PAUL A. CROTTY,** District Judge.

## SUMMARY ORDER

Petitioner Meng Jun Wang ("petitioner"), a native and citizen of the People's Republic of China, appeals from a decision of the Board of Immigration Appeals ("BIA") dated June 27, 2003 affirming Immigration Judge ("IJ") Paul A. Defonzo's denial of his application for asylum and reversing the IJ's grant of petitioner's application for withholding of removal and relief pursuant to the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and the procedural history of the case.

Petitioner entered the United States without inspection on September 1992. After he was placed in removal proceedings, he submitted applications for asylum, withholding of removal, and relief under CAT. In his asylum application, petitioner claimed that he fled China because the government forced his wife to submit to an abortion and sought to sterilize him because he and his wife had violated the family planning policy. In deportation hearings, petitioner testified regarding the alleged actions of governmental family planning authorities and also claimed to be a practicing Christian. On May 23, 2000, the IJ found that petitioner's claim based on the coercive family planning policy was not credible and denied all forms of relief

** The Honorable Paul A. Crotty, of the United States District Court of the Southern District of New York, sitting by designation.

with respect to that claim. The IJ also found that petitioner did not establish either past persecution or a well-founded fear of persecution based on his religious beliefs and denied relief on those claims. However, the IJ did find that, upon return to China, petitioner would become a member of a "particular social group" of illegal departees being repatriated to China and that he met his burden "by proving by a clear probability of the evidence that he would be persecuted based on his return to China and, furthermore, that he would be subjected to torture based on his illegal departure from that country," and granted petitioner withholding of removal and CAT relief. The United States' Department of Homeland Security (DHS) appealed to the BIA. On June 27, 2003, the BIA sustained DHS's objection and reversed the IJ's ruling.

Petitioner filed this petition for review on July 29, 2003. The petition was filed one day after the one-month deadline for filing petitions for review after the final ruling of the BIA. *See* 8 U.S.C. § 1252(b)(1). Respondent has withdrawn a motion to dismiss the petition for review as untimely. Accordingly, we do not address the issue of timeliness in this case.

Petitioner filed his petition for review through counsel who represented him in deportation hearings and his appeal to the BIA, but he changed counsel prior to appearing before our Court. We granted leave to petitioner's new counsel to file a supplemental letter brief with our Court, and we invited respondent to submit a response. We have considered both supplemental briefs.

■ When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision—that is, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review BIA and IJ credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Chen v. U.S. Atty. Gen,* 454 F.3d 103, 105 (2d Cir.2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006). In this case, there is substantial evidence to support the IJ's determination that petitioner's family planning claims were not credible, including discrepancies between petitioner's testimony and documentary evidence regarding the birthdates of his children and confusion in petitioner's testimony and documentary evidence about the attempts of the Chinese "cadre" to sterilize him and his wife. There is also substantial evidence to support the IJ's determination that petitioner did not demonstrate either past persecution or a well-founded fear of persecution on the basis of his religious beliefs.

■ Petitioner argues that the BIA erred in not finding that individuals who depart China illegally and are forcibly repatriated constitute a "particular social group," a term contained in both the definition of "refugee" in Section 101(a)(42) of the INA, 8 U.S.C. § 1101(a)(42), and in the withholding of removal provision, Section 241(b)(3)(A) of the INA, 8 U.S.C. § 1231(b)(3)(A). The BIA has interpreted the term to refer to "a group of persons all of whom share a common immutable characteristic ... [including] a shared past experience." *In re Acosta,* 19 I. & N. Dec. 211, 233 (BIA 1985). The BIA has stated that an important factor in identifying the

existence of a particular social group is that the group's shared characteristic must be "generally recognizable by others in the community" and must be "perceived as a group by society." *In re A–M–E–,* 24 I. & N. Dec. 69, 74 (BIA 2007). In addition, the group "cannot be defined exclusively by the fact that its members have been subjected to harm." *Id.* at 69, 74. The BIA's decision in the instant case is supported by its precedent and does not present an error of law.

Finally, petitioner argues that the IJ's determination that petitioner is eligible for CAT relief should be reinstated. Petitioner's CAT claim is based entirely on the U.S. Department of State country report on China. We have held in the past that country reports are insufficient to establish that illegal emigrants are more likely than not to be tortured, and that more particularized evidence is required. *See Mu Xiang Lin v. U.S. Dep't. of Justice,* 432 F.3d 156, 160 (2d Cir.2005). We affirm the BIA's denial of CAT relief to petitioner.

### CONCLUSION

We have considered all of petitioner's claims and find them to be without merit. Accordingly, the petition for review is hereby **DENIED.**